E. P. Keiffer (SBN 11181700)
Wright Ginsberg Brusilow P.C.
325 N. St. Paul Street, Suite 4150
Dallas, TX  75201
Telephone: (214) 651-6500
Facsimile:    (214) 744-2615
Email: pkeiffer@wgblawfirm.com

ATTORNEYS FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EDDIE MAYO OIL PROPERTIES, | § | CASE NO. 08-70241-HDH-7 |
| INC. | § | |
| | § | |
| Debtor. | § | |

## MOTION FOR AUTHORITY TO INCUR DEBT WITH
## ADMINISTRATIVE EXPENSE PRIORITY

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE

Shawn K. Brown, the duly appointed Chapter 7 Trustee (the "Trustee") of the Chapter 7 estate (the "Estate") of Eddie Mayo Oil Properties, Inc. (the "Debtor") pursuant to § 364 (b) of the Bankruptcy Code (the "Code") and F.R.B.P. 4001 (c)(1), file this Motion for Authority to Incur Debt With Administrative Expense Priority (the "Financing Motion") and would respectfully show the Court as follows:

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, ROOM 12A-24, DALLAS, TEXAS 75242-1496, BEFORE CLOSE OF BUSINESS ON MAY 21, 2010, WHICH IS AT LEAST SEVENTEEN (17) DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## BACKGROUND

1. The Debtor filed for relief under Chapter 11 on June 19, 2008. Despite efforts, the plan of reorganization/liquidation which the Debtor had filed and amended was not able to be confirmed[1]. Upon the motion of the U. S. Trustee, the case was converted on December 18, 2009 (Dkt. No. 88), eighteen months after it was filed and the Trustee was subsequently appointed.

2. The principal purpose of the Debtor's efforts above was to provide a means to address the concerns and needs of the largest creditor, Robert and Elizabeth Jadlow (the "Jadlows"), the holders of a multi-county/parish abstracted, non-avoidable[2] judgment in excess of $2,125,000 which stemmed from re-entry and re-working loans which the Jadlows had made to the Debtor in years prior to the filing of this case.

3. The Jadlows had previously secured an order lifting the automatic stay (Dkt. No. 77) on July 25, 2009, which was in between the time of the filing of the initial Plan and the amended Plan . The Jadlows had opposed the conversion of this case to one under Chapter 7 (Dkt. No. 87) on the basis that a trustee would slow down their enforcement efforts with respect to their collateral.

---

[1] See Chapter 11 Plan (Dkt. No. 73 [6/10/2009]) and Amended Chapter 11 Plan (Dkt. No. 81 [8/26/2009]). No hearing was scheduled or held to approve the accompanying Disclosure Statement. The case languished without any activity until the U.S. Trustee's Motion to convert was filed on 11/10/2009 (Dkt. No. 84)

[2] The documents filed at Dkt. No.75 shows that the abstracting of the Jadlow's April 2007 judgment occurred principally in October through December of 2007, outside the preference period and on account of an antecedent debt.

The Trustee did not oppose the Jadlow's proceeding to exercise their state court rights, so long as the Debtor's non fixture personal property was left for liquidation by the Estate.

4. The Jadlows later determined that some efficiencies could be achieved by liquidating their collateral through this Estate, especially in view of the anticipated difficulties of foreclosing, then marketing the liened interests for their own account[3]. The Jadlows and the Trustee consulted with respect to the prospect for liquidation of their collateral under §363. The Jadlows are clearly creditors with claims against the Estate.

5. The Estate's resources are limited and are largely bound up in personal property which is in the process of being liquidated for the benefit of the Estate's unsecured creditors. In order for the Trustee to justify marketing and liquidating the collateral, certain expenses, costs and fees needed to be addressed, as well as Trustee's requirement that there be some assured benefit to other creditor constituencies in this Estate. The Jadlow's have indicated a willingness to address the Trustee's requirements. This Financing Motion is the first step in addressing the Trustee's requirements to assess, resuscitate, as justified, and market the Debtor's oil and gas interests and its remaining operating rights under joint operating agreements.

## RELIEF REQUESTED AND ITS RATIONALE

6. The Jadlows have agreed to lend the sum of $25,000 to the Estate pursuant to §364(b), with only an administrative priority as to its repayment. The requirements and conditions for the Trustee seeking the approval of this loan of $25,000 and of the Jadlows funding same (the "Initial Loan") are as follows:

---

[3] Specifically: a) the effect of the geographic dispersion of the real property interests across Texas and Louisiana; b) the difficulty and inefficiency of the Jadlow state law remedies which Jadlow believes would result in the realization of a smaller amount of payment on their secured claim

**Use of Proceeds of Initial Loan:**

    a)     fund necessary legal expenses and costs regarding:

        i)     the marketing and sale of the Estate's interests in any real property;

        ii)     where necessary and justified, the assumption and assignment of joint operating agreements or other arrangements which the Estate may have[4] which would enhance the value or the ability of the Estate to sell such interests in real property;

        iii)     the drafting, filing and securing Bankruptcy Court authority for the §364(b) Financing; and

        iv)     any ancillary legal work performed by the Estate's professionals and employing any other professionals regarding the marketing of any of the Estate's interests in real property;

    b)     any marketing costs which are not otherwise conditioned upon the sale of the Estate's interest in real property; and

    c)     any necessary expenditures to maintain the value of the Estate's mineral interests, including, without limitation, delay rentals or other similar charges.

**Repayment Provisions**:

    a)     The Initial Loan would bear interest at 6% per annum;

    b)     The repayment of the Initial Loan will be subordinated to all allowed Chapter 7 administrative claims, but superior to all Chapter 11 administrative claims; and

    c)     The Initial Loan is otherwise non recourse as to the Estate and can only be repaid from the Estate's portion of the proceeds of the sale of the Estate's mineral interests (other unencumbered or unaffected funds will bypass and not fund the payment of the Initial Loan).

---

[4] The Trustee asserts that the Estate's interests in joint operating agreements are general intangibles, and as such, these interests are not subject to the abstracted judgment liens of the Jadlows. No determination of this issue is made or intended to be made by virtue of the filing of the Financing Motion or the entry of an order approving same.

**Other Requirements:**

a) The Jadlows, on the approval of the Initial Loan, consent to the sale of any of the Estate's mineral interests under §363(f)(2) and waive any right to credit bid under §363(k) as applicable, beyond a set strike price which the Trustee and the Jadlows may use to set a value floor for the sale of such mineral interest;

b) The Jadlows, on the approval of the Initial Loan, partially release their judgment lien on the approximate 20 acre real property on Rocky Mound Road in Graham, Texas, known as the "Equipment Yard", at the closing of any court approved sale of the Equipment Yard, and agree that fifty percent (50%) of the net proceeds from the sale, (after payment of prior secured creditors, ad valorem taxing authorities or other prior consensual liens, any brokerage fees, normal closing costs and trustee's commission under §326) shall be retained by the Estate, with the balance being paid to Jadlow on account of Jadlows' lien; and

c) The Jadlows and the Trustee agree to negotiate in good faith, prior to seeking the approval of any sale of the Estate's mineral interests, regarding a carve out from proceeds of any such intended sale of the Estate's interest in real property, for the benefit of the Estate (inclusive of the payment of Initial Loan or any subsequent borrowing which the Bankruptcy Court may approve in this case).

7. The rationale for the requested relief is straightforward. The Estate has minimal resources. The Jadlows' judgment lien rights are a less than efficient means to secure value. The combination of rights and capacities, as well as the provision of necessary funding, will be beneficial to the Jadlows and to the other constituencies in this case. It is a combination which can be beneficial to all.

WHEREFORE, PREMISES CONSIDERED, the Trustee request this Court, after notice and hearing as required under F.R.B.P. 4001 (c)(2) for a final hearing, grant the Trustee's request for authority to incur debt with administrative expense priority per all of the conditions set forth above,

by means of the entry of the proposed order attached hereto as Exhibit "A" and for such other and further relief to which the Trustee can show himself justly entitled to at law or in equity.

Respectfully submitted,

**WRIGHT GINSBERG BRUSILOW P.C.**

By: /s/ E. P. Keiffer
E. P. Keiffer (SBN 11181700)

325 N. St. Paul, Suite 4150
Dallas TX 75201
(214) 651-6517
Fax: (214) 744-2615
pkeiffer@wgblawfirm.com

**ATTORNEYS FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE**

**AGREEMENT TO RELIEF SOUGHT
AND TO TERMS OF PROPOSED ORDER**

**McCORMICK, McNEEL, EDLER
& WILLIAMS, L.L.P.**

By: /s/ Andrew M. Williams   (by EPK by permission)
Andrew M. Williams (SBN 21510835)

5909 West Loop South, Suite 550
Bellaire, Texas 77401
(713) 523-0400
(713) 523-0408 Fax
Email: awilliams@mmewlaw.com

ATTORNEYS FOR ROBERT L. JADLOW AND
ELIZABETH J. JADLOW

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing Motion was forwarded to the Debtor's Counsel, the United States Trustee, upon all parties on the official matrix and those parties requesting notice, by electronic service or by first-class mail, postage prepaid, as applicable, on this 4th day of May, 2010.

                                    */s/ E. P. Keiffer*
                                    E. P. Keiffer